FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2017 MAR 29 PM 4:06

CLERK C Adams
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| ANDREW GARETH NELSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CV 116-090 |
| | ) | (Formerly CR 113-032) |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

# ORDER

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation ("R&R"), to which objections have been filed. (Doc. no. 9.) Nothing in Petitioner's objections undermines the Magistrate Judge's recommendation, and only one argument warrants further comment.

In his objections, Petitioner raises the novel argument that because he was sentenced under both 18 U.S.C. § 2113 and 18 U.S.C. § 924(c), his sentence was invalid under the Supreme Court's decision in Simpson v. United States, 435 U.S. 6 (1978). (Doc. no. 9, pp. 2-3.) However, Simpson is no longer good law. As the Eleventh Circuit summarized:

> Section 942(c) [sic] was amended in response to the Supreme Court's decisions in Simpson v. United States, 435 U.S. 6, 98 S.Ct. 909, 55 L.Ed.2d 70 (1978), and Busic v. United States, 446 U.S. 398, 100 S.Ct. 1747, 64 L.Ed.2d 381 (1980). Simpson and Busic struck down section 924(c)'s application to prosecutions in which the predicate offense already contained enhanced sentences for firearm use. The 1984 amendment of section 924(c) was designed, in part, to overturn those two Supreme Court decisions. S.Rep. No. 225, 98th Cong., 2d Sess, 312–314 *reprinted in* 1984 U.S.C.C.A.N. 3182, 3490–3492.

United States v. Moore, 43 F.3d 568, 574 n.4 (11th Cir. 1994); see also United States v. Gonzales, 520 U.S. 1, 10 (1997) (noting 1984 amendments to § 924(c) eliminated problems addressed in Simpson and Busic). Therefore, Petitioner argument is meritless and he was validly sentenced under both 18 U.S.C. § 2113(a) & (d) and 18 U.S.C. §924(c)(1)(A)(ii).

Accordingly, the Court **OVERRULES** Petitioner's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, and **DENIES** without an evidentiary hearing Petitioner's motion filed pursuant to 28 U.S.C. § 2255.

Further, a federal prisoner must obtain a certificate of appealability ("COA") before appealing the denial of his motion to vacate. This Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a) to the Rules Governing Section 2255 Proceedings. This Court should grant a COA only if the prisoner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For the reasons set forth in the Report and Recommendation, and in consideration of the standards enunciated in Slack v. McDaniel, 529 U.S. 473, 482-84 (2000), Petitioner has failed to make the requisite showing. Accordingly, the Court **DENIES** a COA in this case.[1] Moreover, because there are no non-frivolous issues to raise on appeal, an appeal would not be taken in good faith. Accordingly, Petitioner is not entitled to appeal *in forma pauperis*. See 28 U.S.C. § 1915(a)(3).

---

[1] "If the court denies a certificate, a party may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22." Rule 11(a) to the Rules Governing Section 2255 Proceedings.

2

Upon the foregoing, the Court **CLOSES** this civil action and **DIRECTS** the Clerk to enter final judgment in favor of Respondent.

SO ORDERED this 29th day of March, 2017, at Augusta, Georgia.

_____
UNITED STATES DISTRICT JUDGE